

U.S. Department of Justice

United States Attorney
Eastern District of New York

MMS:KMT  
F. #2015R01871

271 Cadman Plaza East  
Brooklyn, New York 11201

August 10, 2016

<u>By Hand and ECF</u>

Honorable Brian M. Cogan  
United States District Judge  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

        Re:   United States v. Eduardo Cornejo  
              <u>Criminal Docket No. 16-96 (BMC)</u>

Dear Judge Cogan:

       The parties are scheduled to appear today at 11:15 am in the above-captioned matter to address Pretrial Services' August 5, 2016 Violation Memorandum (the "Memo"). For the reasons set forth below, the government respectfully requests that the defendant be remanded pending trial, which is currently scheduled to begin on November 15, 2016.

I.    <u>Background</u>

       Until his termination on January 15, 2016 for unrelated conduct, the defendant was an eleven-year veteran of the NYPD, as well as a former U.S. Marine. While still working for the NYPD, the defendant began to traffic at least ten different women – including one minor woman – in an interstate prostitution scheme. During the investigation, members of law enforcement observed the defendant transporting these women to various motels throughout the New York metropolitan area, including New Jersey and Long Island, often immediately after the defendant left work for the day with the NYPD. A court-authorized Title III listening device installed in the defendant's car confirmed the defendant's participation in the scheme.

       The defendant was arrested on a complaint and arraigned on February 3, 2016. He was subsequently indicted on March 1, 2013 and charged with transporting women in interstate commerce to engage in prostitution, in violation of 18 U.S.C. § 2421, and sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a).

The defendant was released on bond over the government's objection on February 3, 2016. (See Dkt. No. 7 (government's memorandum in support of pretrial detention).) As set forth in the Memo, the defendant's bond is in the amount of $200,000, secured by property and signed by two sureties. The bond also prohibits the defendant from having contact with victims and witnesses of the crimes alleged in the indictment; requires electronic monitoring and a curfew between 7 pm and 7 am; restricts the defendant's travel to the Eastern and Southern Districts of New York; and imposes a search condition on the defendant's cell phone, among other conditions.

II.  Legal Standard

Title 18, United States Code, Section 3148(a) provides that where, as here, a defendant has been released pursuant to 18 U.S.C. § 3142 and violates a condition of his bond, he "is subject to revocation of release, an order of detention, and prosecution for contempt of court." The statute further provides that the Court "shall enter an order of revocation and detention if, after a hearing, the judicial officer . . . (1) finds that there is . . . (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or (B) clear and convincing evidence that the person has violated any other condition of release," id. § 3148(b)(1)(A)-(B), and there "(A) . . . is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release," id. § 3148(b)(2); see also United States v. Galanis, -- F. App'x --, 2016 WL 3917728, at *1 (2d Cir. July 20, 2016) (noting that, in bond revocation context, "probable cause requires only that the facts available to the judicial officer warrant a man of reasonable caution in the belief that the defendant has committed a crime while on bail (internal quotation marks omitted)). The statute further provides that where there is probable cause to believe the defendant committed a Federal, State or local felony while on supervision, "a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." Id. § 3148(b).

As provided by the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., and applicable Second Circuit law, the government may present evidence in support of detention by way of proffer at a bond revocation hearing. See 18 U.S.C. § 3142(f)(2); see also United States v. LaFontaine, 210 F.3d 125, 130-31 (2d Cir. 2000) (government entitled to proceed by proffer in bond detention and revocation hearings); United States v. Ferranti, 66 F.3d 540, 542 (same); United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986) (same).

II.  Application

Under the standard set forth above, the defendant should be remanded pending trial. First, there is probable cause to believe that the defendant has continued to commit prostitution-related offenses while on pretrial supervision. Specifically, the deleted text messages quoted in the Memo demonstrate that the defendant has continued to promote prostitution while on supervision. As set forth in the Memo, on July 1, 2016 the defendant

2

agreed to post an advertisement for prostitution services (see Memo at 2 ("Send me your account info & pics")) and followed up two days later to see whether the ad had generated any business (see id. ("Yo did it get any better?")). Moreover, the GPS mapping data described in the Memo shows the defendant in the vicinity of five different hotels in Staten Island, East Elmhurst and Woodbury on 10 different dates during his supervision, including the Staten Island Motel, one of the locations at which he was surveilled pre-indictment conducting prostitution activity. (Id. at 1.) The defendant lives in New York City and, as a condition of his curfew, was on GPS monitoring and subject to a curfew between the hours of 7 pm and 7 am. (Id. at 1.) There is therefore no legitimate reason for the defendant to have been at area hotels on the 10 listed occasions, other than to promote or patronize prostitutes in violation of the laws of New York. See N.Y. Penal Law Art. 230 (Prostitution Offenses).

Second, the text messages and GPS data show the defendant becoming increasingly bold in his criminal endeavors. He exchanged text messages about prostitution on at least three different dates in July and visited four different hotels on six different dates in July. (Id.) His boldness is also on display in the attached Instagram post from July, in which the defendant flouts his supervision and brags that "I got a bag for the lawyers, like . . . 'What's your charges?' . . . Hop out the courtroom like #WhatCharges? Big P[imp]in' on you [sic] court steps." (See Exhibit A.[1])

Third, the defendant has violated the terms of his supervision by associating with victims and/or witnesses in his case. As noted in the Memo, the New York City Police Department Internal Affairs Division conducted surveillance on the defendant on July 25, 2016 and observed him in a car with a prostitute with whom the defendant had associated prior to his arrest and release on bond. (Id. at 1.) Indeed, the prostitute with whom the defendant was seen on July 25, 2016 was identified in the government's pre-indictment application for a Title III warrant to intercept communications inside the defendant's car. The defendant's contact with a victim/witness is particularly disturbing, given his attempt, shortly after his arrest, to destroy evidence by erasing several text messages between himself and a coconspirator that were stored on the phone that was seized from him at the time of his arrest.

In light of these facts, the defendant should be remanded pending trial. The defendant's bond conditions included electronic monitoring, a $200,000 bond secured by property and signed by two sureties, and a curfew. Those restrictive and morally suasive conditions were insufficient to deter him from committing new crimes and otherwise abiding by the terms of his supervision. It is clear under the circumstances that there is no condition or combination of conditions of release that will assure that the defendant will not pose a

---

[1] Attachment A was disclosed to defense counsel by email on August 8, 2016.

danger to the safety of any other person or the community and equally clear that he is unlikely to abide by any condition or combination of conditions of release.  Accordingly, the government respectfully requests that he be remanded.

        Respectfully submitted,

        ROBERT L. CAPERS
        United States Attorney

By:    /s/ Kevin Trowel
        Alexander A. Solomon
        Kevin Trowel
        Assistant U.S. Attorneys
        (718) 254-7000

cc:    Michael Padden, Esq. (via email)
       Clerk of Court (BMC) (via ECF)

# EXHIBIT A

# EXHIBIT A

 **evol_genius**



 **20 likes**

**evol_genius** I got a bag for the lawyers, like ... "What's your charges?" ... Hop out the court room like #WhatCharges? Big P***in' on you court steps ... CASE YOU AIN'T NOTICE, I AIN'T LOST YET!! Y'all know the difference right? There's facts and fiction!! In #RealLife I'm like #Me?! In real life I'm like #No!! I'm not even on y'all #Radar 🗝🗝🗝🗝🗝

16 HOURS AGO